IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | CR 08-262 |
| GLENN LEE YOUNG, ) | See CA 14-552 |
| ) | |
| Defendant/Petitioner. ) | |

**O R D E R**

AND NOW, this 17th day of June, 2015, upon consideration of Petitioner Glenn Lee Young's pro se "Memorandum of Law in Support of Motion to Dismiss the Constitutionality of Titles 18 and 21 U.S.C. Charges on Fifth and Tenth Amendment Grounds & Motion Pursuant to Rule 35 Illegal Sentence and Rule 60(b)(4) Void Judgment" (Document No. 103) ("motion"), filed in the above-captioned matter on April 24, 2014, which the Court has determined should be treated as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §§ 2255, and in further consideration of Petitioner's pro se response to the Court's Order to show cause why said motion should not be dismissed as a second or successive Section 2255 petition pursuant to 28 U.S.C. §§ 2255(h) and 2244 (Document No. 105) ("Response"), filed in the above-captioned matter on May 28, 2014,

IT IS HEREBY ORDERED THAT Petitioner's motion is DISMISSED. IT IS FURTHER ORDERED that no certificate of appealability shall be issued because, for the reasons set forth below, Petitioner has not made a substantial showing of the denial of a constitutional right.

1

Nearly six years ago, on July 8, 2008, a Grand Jury indictment was returned charging Petitioner with conspiracy to possess with intent to distribute and distribute less than 100 grams of heroin, in violation of 21 U.S.C. § 846. On April 21, 2009, the Court found Petitioner guilty after a non-jury trial, and on July 23, 2009, Petitioner was sentenced to a term of imprisonment of 180 months (a downward variance from the sentencing range recommended by the United States Sentencing Guidelines), to be followed by a term of supervised release of six years. Petitioner's conviction and sentence were affirmed on appeal by the Court of Appeals for the Third Circuit on July 23, 2010.

On April 20, 2011, Petitioner filed a pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (Doc. No. 89). On April 21, 2011, the Court issued an Order requiring Petitioner to provide notice as to how he wished to proceed in this case, and specifically whether he wished to have his motion ruled upon as filed, or withdrawn and filed as one all-inclusive Section 2255 habeas petition. The Court further provided Petitioner with notice that all potential claims for which he may desire to seek review and relief should have been included in said motion, and that second or successive habeas petitions under 28 U.S.C. § 2255 are to be dismissed, unless the Court of Appeals certifies that certain very specific and rare circumstances exist, in accordance with United States v. Miller 197 F.3d 644, 649 (3d Cir. 1999). (Doc. No. 91). Petitioner did not respond, the government filed its response, and Petitioner's motion to vacate was subsequently denied by this Court on August 21, 2012. (Doc. No. 100).

Next, Petitioner filed his present pro se motion on April 24, 2014, in which he purports to seek review of his case pursuant to Federal Rule of Criminal Procedure 35 and Federal Rule of Civil Procedure 60(b)(4). On May 5, 2014, the Court advised Petitioner that his motion should

be treated as a motion pursuant to Section 2255, and ordered Petitioner to show cause why that motion should not be dismissed as a second or successive motion pursuant to 28 U.S.C. §§ 2255(h) and 2244. In his Response, Petitioner asserts that his claims allege fraud upon the court and should be construed pursuant to Rule 60(d)(3).

Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Holley v. Dep't of Veterans Affairs, 165 F.3d 244, 247 (3d Cir. 1999). However, even a pro se plaintiff must be able to prove a "'set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 520-21 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). As the Court noted above, in his response, Petitioner attempts to style his challenge as something other than a Section 2255 motion by generally labeling the allegations in his motion "fraud upon the court," and citing to Federal Rule of Civil Procedure 60(d)(3). Fraud upon the court is, in fact, an argument that is completely distinct from a motion under Rule 60(b), and such claims must meet an extremely demanding standard for proof. See Herring v. United States, 424 F.3d 384, 386, 389 (3d Cir. 2005). This standard includes: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." Id. at 386. Actions for fraud upon the court are extremely rare and "must be supported by clear, unequivocal and convincing evidence." Id. at 386-87 (internal citation omitted). Examples of such egregious conduct include bribery of a judge or jury or fabrication of evidence. Id. at 390. A reading of the actual arguments Petitioner sets forth in his motion, however, reveal that he is clearly not making any such claims. Rather, the basis for Petitioner's most recent motion is simply that the Court did not have jurisdiction in this case.[1] Thus, although Petitioner wishes to avoid his motion being

---

[1] In essence, Petitioner argues that the Court did not have subject matter jurisdiction here because the statutes under which Petitioner was convicted are, he contends, invalid.

considered as a motion pursuant to Section 2255, he is merely raising jurisdictional arguments that, if he wished to make them, should have been brought in his previous Section 2255 motion.

Furthermore, even if the motion were not treated as a Section 2255 motion, the Court would not have had jurisdiction to vacate Petitioner's sentence based on the rules he originally cites. First, because Petitioner was sentenced nearly six years ago, Petitioner's claim under Rule 35 is time-barred since that rule provides that a court may correct a sentence due to clear error within 14 days after sentencing. See Fed. R. Crim. P. 35(a). In his motion, however, Petitioner asserts that the court may correct an illegal sentence at any time. (Doc. No. 103, at 1). It appears that, perhaps, Petitioner makes this claim in reliance on the former version of Rule 35, which did not contain a time limit, but which only applies to cases in which the offenses occurred prior to November 1, 1987. Since that is not the case here, Petitioner is barred from stating a claim pursuant to Rule 35.

Additionally, although Petitioner attempts to invoke Civil Rule 60(b) in his motion, that rule is an inappropriate vehicle to vacate a criminal sentence. See United States v. Mortimer, 256 Fed. Appx. 468, 469 (3d Cir. 2007); United States v. Pope, 124 Fed. Appx. 680, 682 (2d Cir. 2005); United States v. Wallace, 82 Fed. Appx. 701, 701 (1st Cir. 2003). The Federal Rules of Civil Procedure govern "procedure in all civil actions and proceedings." Fed. R. Civ. P. 1. They do not apply in criminal cases and, therefore, do not provide a basis for jurisdiction for this Court to vacate Petitioner's criminal conviction or sentence in this case.

It should be noted that a Rule 60(b) motion may be adjudicated on its merits, however, when the factual predicate of the motion attacks the manner in which an earlier Section 2255 judgment was procured rather than the underlying sentence or conviction. See United States v. Enigwe, 142 Fed. Appx. 642, 642-43 (3d Cir. 2005) (citing Pridgen v. Shannon, 380 F.3d 721,

4

727 (3d Cir. 2004)). In the case at bar, Petitioner did file a previous Section 2255 motion, but his present motion does not in any way attack the manner in which his previous Section 2255 motion was adjudicated. Rather, Petitioner challenges the conviction in his underlying case and, as such, his motion is not properly brought pursuant to Rule 60(b), but rather under Section 2255. See United States v. Tyler, 207 Fed. Appx. 173, 177 (3d Cir. 2006); Enigwe, 142 Fed. Appx. at 643.[2]

Accordingly, the only way this Court could potentially have jurisdiction to entertain Petitioner's motion is if it is construed as a motion pursuant to 28 U.S.C. § 2255. Nevertheless, as discussed supra, Petitioner has already filed a Section 2255 motion in this case, and the Court warned him at that time that he was required to include in that first petition all potential claims for which he might desire to seek review and relief. Therefore, even properly construing Petitioner's current motion as a Section 2255 motion, the Court still lacks jurisdiction to issue a ruling because Petitioner has failed to show cause why the motion should not be considered a second or successive motion pursuant to Section 2255. In fact, Petitioner's motion would first have to be certified by the Court of Appeals for the Third Circuit before this Court would have jurisdiction to consider it.

---

[2] Even if the Court were to treat Petitioner's motion as properly brought pursuant to Rule 60(b), it would deny the motion. Rule 60(b) motions cannot be used as a substitute for a direct appeal, and a court cannot grant relief under Rule 60(b)(4) if the petitioner could have sought the same relief by means of an appeal. See Nunez v. Temple Prof'l Assocs., 245 Fed. Appx. 144, 148 (3d Cir. 2007). In this case, Petitioner did appeal his initial conviction and sentence, and the Third Circuit affirmed. Additionally, Petitioner certainly had the opportunity to raise this issue in his appeal to the Third Circuit and in his previous Section 2255 motion. Moreover, even if the Court were to consider the merits of Petitioner's contentions, it would deny his motion, as his arguments, which essentially attack the constitutionality of Titles 18 and 21 of the United States Code, are completely frivolous.

Specifically, according to 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) Newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) A new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In this instance, Petitioner has not obtained the requisite certification from the Court of Appeals for the Third Circuit. Instead, Petitioner's motion merely represents an attempt to find a loophole to avoid the stringent requirements established by Congress for filing a second or successive Section 2255 motion. As such, this Court lacks jurisdiction to consider Petitioner's present motion, and his motion is therefore dismissed.

s/ Alan N. Bloch<br>
United States District Judge

ecf:     Counsel of record

cc:      Glenn Lee Young, Fed. Reg. No. 30616-068
         FCI Gilmer
         P.O. Box 6000
         Glenville, WV 26351`